IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANTHONY TROY STELLY, and ERIKA CHRISTINE STELLY, | § § § | |
| Plaintiffs, | § § | |
| VS. | § § | CIVIL ACTION NO. H-21-3302 |
| ATM TRUCKING, LLC, *et al.*, | § § § | |
| Defendants. | § § | |

**MEMORANDUM AND OPINION**

In July 2021, Tracy Oneil Kersh was driving a vehicle owned by his employer, ATM Trucking, LLC, in Madisonville, Texas when he hit a car occupied by Anthony Troy Stelly and Erika Christine Stelly. (Docket Entry No. 1-2 at ¶ 5.1). The Stellys sued Kersh and ATM Trucking for personal injuries. (*Id.* at ¶¶ 6.1–6.4). The Stellys also sued their insurer, Germania Select Insurance Company, alleging that Kersh's vehicle was uninsured or underinsured, that they timely applied for underinsured motorist benefits, and that Germania had failed to pay. (*Id.* at ¶¶ 8.1–8.13).

The Stellys are citizens of Texas; Kersh and ATM Trucking are citizens of Mississippi; and Germania is a citizen of Texas. (*Id.* at ¶¶ 2.1, 2.5, 2.6, 2.8). ATM Trucking and Kersh removed based on diversity jurisdiction, asserting that Germania was improperly joined. (Docket Entry No. 1). The Stellys moved to remand, and ATM Trucking and Kersh responded. (Docket Entry Nos. 5, 6). The parties provided supplemental briefing, and Germania joined the brief filed by ATM Trucking and Kersh. (Docket Entry Nos. 11, 13).

After a careful review of the state-court pleadings, the notice of removal, the motion to remand, the response, and the supplemental briefs, the court does not find improper joinder and

grants the Stellys' motion to remand. Remand is entered by separate order. The reasons are explained below.

I. **The Legal Standard**

"To remove a case based on diversity, the diverse defendant must demonstrate that all of the prerequisites of diversity jurisdiction contained in 28 U.S.C. § 1332 are satisfied." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004) (en banc). "A case may be removed pursuant to 28 U.S.C. § 1332 if there is complete diversity of citizenship and the amount in controversy is greater than $75,000 exclusive of interests and costs." *Allen v. Walmart Stores, L.L.C.*, 907 F.3d 170, 183 (5th Cir. 2018).

"[A] district court is prohibited by statute from exercising jurisdiction over a suit in which any party, by assignment or otherwise, has been improperly or collusively joined." *Smallwood*, 385 F.3d at 572 (emphasis omitted) (citing 28 U.S.C. § 1359). "A defendant is improperly joined if the moving party establishes that (1) the plaintiff has stated a claim against a diverse defendant that he fraudulently alleges is nondiverse, or (2) the plaintiff has not stated a claim against a defendant that he properly alleges is nondiverse." *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 199 (5th Cir. 2016) (emphasis omitted); *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003). The issue is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood*, 385 F.3d at 573.

"The burden of persuasion on those who claim improper joinder is a heavy one." *Davidson v. Georgia-Pacific, L.L.C.*, 819 F.3d 758, 765 (5th Cir. 2016) (alteration omitted) (quoting *Irby*, 326 F.3d at 649). A "court may conduct a Rule 12(b)(6)-type analysis, looking initially at the

allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Smallwood*, 385 F.3d at 573. In most cases, "if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." *Id.* A court may find that in some cases, "hopefully few in number, . . . a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder." *Id.* "In such cases, the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry." *Id.*

Some courts have adopted the doctrine of "fraudulent *mis*joinder," which assesses whether a party was "misjoined" based on applicable joinder rules. 14C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FED. PRAC. & PROC. JURIS. § 3723.1 (Rev. 4th ed. April 2021) (emphasis added). The Fifth Circuit has rejected the doctrine of fraudulent misjoinder. *Williams v. Homeland Ins. Co. of New York*, ___ F.4th ___, 2021 WL 5577020, at *6 (5th Cir. Nov. 30, 2021). As it has directed, "if there is a possibility of recovery against both defendants but one defendant believes the case should be severed, there is nothing to prevent seeking that severance in state court. If it is granted, then the removal would be straightforward; if not, then clearly not appropriate." *Id.* at *7. The issue for the court is "the existence of even a single valid cause of action against in-state defendants." *Id.* (citing *Gray ex rel. Rudd v. Beverly Enters.-Miss., Inc.*, 390 F.3d 400, 412 (5th Cir. 2004)).

**II. Analysis**

The Stellys argue remand because they have pleaded a claim against Germania, the nondiverse defendant, through the Texas Uniform Declaratory Judgments Act, TEX. CIV. PRAC. & REM. CODE §§ 37.001–.011, to obtain a declaratory judgment on their right to underinsured or uninsured motorist benefits. Kersh and ATM Trucking argue that Germania is improperly joined because the Stellys have not yet obtained a judgment that Kersh and ATM Trucking are liable to

3

the Stellys, making the Stellys' claim against Germania unripe, or at least subject to severance from the personal-injury action.

Under Texas law, automobile insurers must provide "uninsured or underinsured motorist coverage," which "protects insureds who are legally entitled to recover from owners or operators of uninsured or underinsured motor vehicles damages for bodily injury, sickness, disease, or death, or property damage resulting from the ownership, maintenance, or use of any motor vehicle." TEX. INS. CODE § 1952.101(a). "[T]he UIM insurer is under no contractual duty to pay benefits until the insured obtains a judgment establishing the liability and underinsured status of the other motorist." *Brainard v. Trinity Universal Ins. Co.*, 216 S.W.3d 809, 818 (Tex. 2006) (citing *Henson v. S. Farm Bureau Cas. Ins. Co.*, 17 S.W.3d 652, 653–54 (Tex. 2000)); *see also Allstate Ins. Co. v. Jordan*, 503 S.W.3d 450, 453 (Tex. App.—Texarkana 2016, no pet.) ("[A]s a prerequisite to establishing entitlement to UIM benefits, a plaintiff must first establish (1) that she is legally entitled to recover from an underinsured motorist and (2) that her damages exceed the policy limits of the underinsured motorist's policy.").

Under *Brainard*, courts have held that breach of contract claims against insurers for denying uninsured or underinsured motorist benefits are not ripe until a court judgment establishes the coverage prerequisites of liability and the underinsured status of the alleged tortfeasor. *E.g.*, *Navarro v. Berkley Se. Ins. Grp.*, No. 4:20-CV-693, 2020 WL 9934622, at *2 (S.D. Tex. Sept. 11, 2020); *Duhaly v. Cincinnati Ins. Co.*, No. H-18-4158, 2019 WL 4034315, at *3 (S.D. Tex. Aug. 27, 2019); *Gomez v. Allstate Fire and Cas. Ins. Co.*, 1:18-CV-0950-ML, 2019 WL 5149859, at *3 (W.D. Tex. May 29, 2019); *but see Bretado v. Nationwide Mut. Ins.*, No. 04-18-00014-CV, 2018 WL 6517405, at *2–3 (Tex. App.—San Antonio Dec. 12, 2018, no pet.) (mem. op.) (an insured was personally aggrieved when her insurer denied underinsured policy benefits, making her breach

4

of contract claim ripe even if she had not yet obtained a judgment showing she was legally entitled to recover benefits).

The question after *Brainard* was what kind of "court judgment" does an insured need to obtain on the alleged tortfeasor's liability and underinsured status before becoming legally entitled to recover from an insurer for underinsured motorist benefits. The Texas Supreme Court held in *Allstate Ins. Co. v. Irwin*, 627 S.W.3d 263, 265–66 (Tex. 2021), that an insured may bring a suit for declaratory relief directly against an insurer to determine whether the requirements for uninsured or underinsured motorist benefits are met. The insured does not have to first establish coverage requirements though a liability action against the alleged tortfeasor. In *Irwin*, the insured settled a claim with an underinsured motorist, unsuccessfully requested underinsured motorist benefits from his insurer, Allstate, and then sued for declaratory relief. *Id.* at 266. The Texas Supreme Court held that the insured's action under the Texas Uniform Declaratory Judgments Act was appropriate because, "[a]t issue here is a contract dispute about coverage, which can only be resolved by a judgment that determines the existence of these conditions. Such coverage disputes are often resolved by a declaration of rights that may then avoid a future breach." *Id.* at 270.

Kersh, ATM Trucking, and Germania argue that under *Brainard*, the Stellys' claim for declaratory relief against Germania is not ripe because the Stellys have not obtained a court judgment establishing coverage prerequisites against the alleged tortfeasor. But *Brainard* speaks only to the conditions that must be met before a breach of contract claim can be brought against an insurer. The Stellys do not bring a breach of contract claim against Germania. Instead, they seek a declaratory judgment on the conditions—the liability and insurance status of the alleged tortfeasor. *Irwin* made clear that a court judgment on the liability and underinsured status of the

5

alleged tortfeasor can be obtained through a personal-injury action against the alleged tortfeasor or an action against the insurer for declaratory relief.

The Stellys may seek declaratory relief against Germania on the coverage requirements for underinsured motorist benefits—the issue is when. "Ripeness separates those matters that are premature because the injury is speculative and may never occur from those that are appropriate for judicial review." *United Transp. Union v. Foster*, 205 F.3d 851, 857 (5th Cir. 2000). "Texas law [] requires that 'a justiciable controversy must exist before a party can be properly joined' in a declaratory judgment action." *Heritage Bank v. Redcom Labs., Inc.*, 250 F.3d 319, 324 (5th Cir. 2001) (citing and applying Texas law for ripeness and declaratory relief standards when assessing improper joinder claim). "If the resolution of a controversy 'depends upon contingent or hypothetical facts, or upon events that have not yet come to pass,' it is not ripe for review." *Id.* (quoting *Patterson v. Planned Parenthood*, 971 S.W.2d 439, 443 (Tex. 1998)); *see also Lopez v. City of Houston*, 617 F.3d 336, 342 (5th Cir. 2010) (alteration in original) ("If the purported injury is 'contingent [on] future events that may not occur as anticipated, or indeed may not occur at all,' the claim is not ripe for adjudication." (quoting *Thomas v. Union Carbide Agric. Prods. Co.*, 473 U.S. 568, 580–81 (1985))).

Kersh, ATM Trucking, and Germania argue that the insured must either clearly establish that the alleged tortfeasor is uninsured or exhaust all other avenues of determining coverage requirements before an insured's suit for declaratory relief against an insurer is ripe. The first argument is unpersuasive. One of the primary purposes of a suit for declaratory relief is to establish the uninsured or underinsured status of the alleged tortfeasor. That fact need not be clearly established beforehand.

The argument that the insured must exhaust all other avenues for determining coverage requirements is undermined by the Texas rule that "the existence of another adequate remedy does not bar the right to maintain an action for declarartory judgment." *MBM Fin. Corp. v. Woodlands Operating Co.*, 292 S.W.3d 660, 669 (Tex. 2009) (quoting *Cobb v. Harrington*, 190 S.W.2d 709, 714 (1945)). Texas courts have not applied this rule differently in the uninsured or underinsured motorist benefits context. Before *Irwin*, the Texas Supreme Court explained that:

> Under a standard Texas automobile insurance policy, an insured seeking underinsured motorist (UIM) benefits may pursue a variety of options: (1) sue the insurer directly to establish the motorist's fault and the insured's damages without suing the motorist; (2) sue the underinsured motorist with the insurer's written consent, making the negligence judgment binding against the insurer for purposes of the insurer's liability under the UIM policy; or (3) sue the underinsured motorist without the insurer's written consent and then relitigate the issues of liability and damages in a suit for benefits under the UIM policy.

*In re USAA Gen. Indem. Co.*, 629 S.W.3d 878, 880–81 (Tex. 2021).

The ripeness of an insured's coverage-determination claim against the insurer does not depend on having settled or exhausted coverage disputes with the alleged tortfeasor. An insured may sue an insurer once it has made an unsuccessful claim for underinsured motorist benefits. *E.g.*, *Blazejewski v. Allstate Fire and Cas. Ins. Co.*, No. SA-21-CV-00700-JKP, 2021 WL 4204148 (W.D. Tex. Sept. 15, 2021) (an insurer's suit for declaratory relief after a denial of uninsured motorist benefits was a live cause of action); *Ibarra v. Allstate Fire and Cas. Ins. Co.*, No. SA:20-CV-00280-JKP, 2020 WL 3259806 (W.D. Tex. June 16, 2020) (similar). If the insurer consents to the lawsuit, the insured may sue both the alleged tortfeasor and the insurer, binding the insurer to the judgment. An insured may litigate coverage issues with the alleged tortfeasor, and then relitigate those issues with the insurer if the insurer did not consent to a lawsuit against the alleged tortfeasor.

7

Although *Irwin* on its facts involved a claim for declaratory relief by an insurer who had settled with an alleged tortfeasor—and so had exhausted avenues to establish coverage before suing the insurer—the *Irwin* court said nothing as to whether this was a requirement. The *Irwin* Court affirmatively cited seven state and federal court cases concluding that "a declaratory judgment action is the appropriate remedy for determining the underlying tort issues that control the validity of an insured's UIM claim against his insurer." 627 S.W.3d at 267. The cases did not always require the insured to first exhaust other ways to resolve the coverage disputes as to status and liability.[1]

An action for declaratory relief against an insurer to resolve coverage disputes may be ripe if the complaint includes allegations that: (1) the insured is entitled to underinsured motorist benefits; (2) an underinsured motorist is liable for the insured's injuries; (3) the insured claimed policy benefits; and (4) the insurer has refused to pay. *State Farm Cty. Mut. Ins. Co. of Tex. v. Diaz-Moore*, No. 04-15-00766-CV, 2016 WL 6242842, at *2 (Tex. App.—San Antonio Oct. 26,

---

[1] *See In re State Farm Mut. Auto. Ins. Co.*, No. 01-19-00821-CV, 2020 WL 1264184, at *2 (Tex. App.—Houston [1st Dist.] Mar. 17, 2020, orig. proceeding) (the insured sues the insurer under the Texas Uniform Declaratory Judgments Act to determine coverage prerequisites; the insured had not settled with the alleged tortfeasor or brought an action against the alleged tortfeasor); *Allstate Fire & Cas. Ins. Co. v. Inclan*, No. 13-19-00026-CV, 2020 WL 373061, at *2–3 (Tex. App.—Corpus Christi Jan. 23, 2020, pet. filed) (mem. op.), *rev'd on other grounds*, *Irwin*, 627 S.W.3d at 270–72 (the insured sued an alleged tortfeasor for negligence and the insurer for a declaratory judgment of coverage simultaneously); *Ochoa v. Allstate Fire & Cas. Ins. Co.*, No. SA-20-CV-319-XR, 2020 WL 2129252, at *2 (W.D. Tex. May 5, 2020) (an insured sued the insurer to establish coverage requirements but pleaded no allegations that the insured had settled or brought an action against the alleged tortfeasor first); *Vasquez v. Liberty Mut. Fire Ins. Co.*, No. 7:18-CV-44, 2018 WL 8805014 (S.D. Tex. Sept. 25, 2018) (the insured originally sued both the alleged tortfeasor and the insurer; the claim for declaratory relief proceeded against the insurer when the claim against the alleged tortfeasor was nonsuited); *Woods v. Argonaut Midwest Ins. Co.*, No. 6:15-CV-139, 2016 WL 3653518, at *5 (E.D. Tex. Mar. 18, 2016) (an insured sued the insurer to establish coverage but pleaded no allegations that the insured had settled or brought an action against the alleged tortfeasor first); *see also Borg v. Metro. Lloyd's of Tex.*, No. W:12-CV-256, 2013 WL 12091651, at *2 (W.D. Tex. Feb. 21, 2013) (a declaratory judgment action against an insurer to determine underinsured motorist benefit coverage could be brought as an alternative to an action against an alleged tortfeasor); *but see Allstate Ins. Co. v. Jordan*, 503 S.W.3d 450, 455–56 (Tex. App.—Texarkana 2016, no pet.) (insured sued the insurer to establish coverage prerequisites after settling with an alleged tortfeasor).

2016, no pet.) (mem. op.). Allegations that the insured exhausted ways to resolve coverage disputes before bringing a suit for declaratory relief are not required to show that the action is ripe. *See In re Reynolds*, 369 S.W.3d 638 (Tex. App.—Tyler 2012, orig. proceeding) (an insured could sue the alleged tortfeasor and the insurer at the same time as long as the claims were severed because the insured had a ripe claim against the insurer: (1) the insured satisfied the policy conditions precedent to recovery; (2) the insured demanded payment; (3) and the insurer refused to pay); *Alvarado v. Okla. Sur. Co.*, 281 S.W.3d 38, 42 (Tex. App.—El Paso 2005, no pet.) (similar); *cf. In Re Arcababa*, No. 10–13–00097–CV, 2013 WL 5890109, at *5 (Tex. App.—Waco Oct. 31, 2013, orig. proceeding) (mem. op.) (a claim against an insurer was not ripe when the insured did not "even assert a cause of action against [the insurer]," and "there [was] no allegation that [the insured] made a demand for payment; that [the insurer] refused to pay; or that [the insurer] offered to settle [the insured's] purported UM/UIM claim").

The Stellys have alleged facts that state a claim for declaratory relief as to the coverage issues against Germania. They allege that: a motorist, Kersh, is liable to them for injuries they sustained in an accident; Kersh is uninsured or underinsured; they have made a claim for underinsured or uninsured motorist benefits; and Germania has refused to pay. *See Valdez v. Allstate Fire & Cas. Ins. Co.*, No. SA-21-CV-00494-XR, 2021 WL 4340973, at *9 (W.D. Tex. Sept. 22, 2021). The question for improper joinder is whether there is no reasonable basis for the court to conclude that the Stellys could recover against Germania in state court. The record does not support that showing.[2]

---

[2] In their supplemental briefing, (Docket Entry No. 13), ATM Trucking and Kersh ask the court to pierce the pleadings and decide whether Kersh is an underinsured motorist. This issue remains contested between the parties and is best resolved on the merits. The court will not use its discretion to go beyond the pleadings at this stage.

A Texas state court may choose to sever the claims against Germania. *See In Re Arcababa*, 2013 WL 5890109, at *9. But the Fifth Circuit has foreclosed inquiry into whether a state court would sever the claims for the purpose of determining improper joinder. *Williams*, 2021 WL 5577020, at *6. The issue of severance is one for the state court, on remand. Germania was not improperly joined, and because both Germania and the Stellys are from Texas, the court does not have diversity jurisdiction over this action. The motion to remand is granted.

### III.     Conclusion

The motion to remand, (Docket Entry No. 5), is granted. Remand is entered by separate order.

SIGNED on December 6, 2021, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge